cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T. PETER TAGUE, DC, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br>v.<br>HEALTHFUSION, INC.,<br>                Defendants. | Civil No.08cv2123 AJB<br><br>**FINAL JUDGMENT AND ORDER**<br><br>[Doc. Nos. 54 and 55] |

On February 10, 2010, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the Settlement Agreement and conditionally certified, for settlement purposes only, a Settlement Class.

On May 21, 2010, the Court held a fairness hearing (the "Final Approval Hearing"), for which members of the Settlement Class had been given appropriate notice. The Final Settlement Hearing was held in Courtroom A at the District Court for the Southern District of California in San Diego, California. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order.

Having considered all papers filed in connection with the Final Approval Hearing, including the Motion for Final Approval of Class Action Settlement and Motions for Award of Attorneys' Fees and Reimbursement of Litigation Expenses and for Incentive Award, and statements made on the record and observing that no objections have been filed and served in connection with any of these Motions,

**THE COURT HEREBY FINDS AND ORDERS:**

1. This Court has jurisdiction over plaintiff T. Peter Tague DC ("Plaintiff"), defendant HealthFusion, Inc. ("HF") and members of the Settlement Class, the claims asserted in this lawsuit, the claims made by Settlement Class members (including the determination of any disputes thereto), and the claims and causes of action released in paragraph 13 of the Settlement Agreement.

2. This Court finds that the Settlement Agreement has been entered into in good faith following arm's length negotiations and is non-collusive.

3. This Court grants final approval of the Settlement Agreement and finds that the settlement is in all respects fair, reasonable, adequate, and in the best interests of the Settlement Class. All members of the Settlement Class who have not validly requested exclusion from the Settlement Class (as identified on Exhibit "A" to the Supplemental Declaration of Rachel Christman) are bound by this Final Judgment and Order.

**CLASS CERTIFICATION**

4. The Court finds and concludes, with respect to the Settlement Class, that it meets the requirements of F.R.Civ.P. 23 as follows: (a) the members of the proposed Settlement Class are so numerous that joinder of all Settlement Class members is impracticable; (b) there are questions of law and fact common to the proposed Settlement Class; (c) the claims of the proposed representative plaintiff are typical of the claims of the proposed Settlement Class; (d) the proposed representative plaintiff and proposed Settlement Class Counsel have and will fairly and adequately protect the interests of the proposed Settlement Class; (e) the prosecution of separate actions by individual class members could create a risk of inconsistent or varying adjudications or, as a practical matter, be dispositive of the interests of other class members not parties to the individual adjudications; (f) HF has acted on grounds the apply

generally to the class, so that final injunctive relief is appropriate respecting the class as a whole; and (g) the questions of law and fact common to members of the proposed Settlement Class predominate over questions affecting only individual members; and (h) a class action is superior to other available methods of fairly and efficiently adjudicating the controversy.

5.  The provisionally certified Settlement Class is now finally certified, for purposes of effectuating the settlement, pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3), as follows:

> All subscribers of telephone facsimile numbers between February 12, 2008 and September 9, 2008, inclusive, to which one or more of the forms of facsimile templates attached as Exhibit "A" to the Settlement Agreement (the "Faxes") were successfully transmitted, according the transmission report of HealthFusion, Inc. ("Transmission Report").

6.  The certification of the Settlement Class is non-precedential and without prejudice to HF's and Plaintiff's rights under the Settlement Agreement if the Settlement Agreement and this Final Judgment and Order do not become effective, as provided in paragraphs 3 and 20 of the Settlement Agreement.

7.  In its Preliminary Approval Order, the Court designated T. Peter Tague DC as representative of the Settlement Class. The Court hereby affirms that designation.

8.  In its Preliminary Approval Order, the Court appointed Scott Z. Zimmermann, Of Counsel, Connolly, Finkel & Gosselin LLP and Ann M. Caldwell of Caldwell Law Office LLC as Settlement Class Counsel. The Court hereby affirms that appointment.

## CLASS NOTICE

9.  The Declaration of Rachel Christman shows that Class Notice was given in accordance with the Court's Preliminary Approval Order and its April 8, 2010 order. The Class Notice

(as described and defined in paragraph 14 of the Settlement Agreement and in the Declaration of Ms. Christman) complies with the requirements of Federal Rule of Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

## OPT-OUTS

10. A total of 42 persons or entities have validly requested exclusion from the Settlement Class. A list of the persons or entities that have validly requested exclusion from the Settlement Class are identified on Exhibit "A" to the Supplemental Declaration of Rachel Christman.

## CLASS RELIEF

11. HF shall ensure that the Claims Administrator distributes the Payments (as defined and calculated in paragraph 4.A of the Settlement Agreement) and HF shall provide the Credits (as defined and calculated in paragraphs 4.B and 4.C of the Settlement Agreement) in accordance with the Settlement Agreement, including paragraphs 4.A, 4.B, 4.C, 8, 10, 11.C, 11.D and 12 thereof.

## JFPA INJUNCTION AGAINST HF

12. HF is hereby enjoined as follows:

   A. HF, its employees, agents, representatives, contractors, affiliates, and all other persons and entities acting in concert with HF shall not send or cause to be sent, directly or indirectly, by any telephone facsimile machine, computer or other electronic device, to any telephone facsimile machine any "Advertisement" unless it is done in compliance with the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and any regulations or orders promulgated by the Federal Communications Commission thereunder (collectively

"JFPA").  As used in this Injunction, the term "Advertisement" shall be defined as having the same meaning as provided in 47 U.S.C. §227, subsection (a)(5), which states: ". . .any material advertising the commercial availability or quantity of any property, goods, or services . . ."

B.  HF, its employees, agents, representatives, contractors, affiliates, and all other persons and entities acting in concert with HF shall not send or cause to be sent, directly or indirectly, by any telephone facsimile machine, computer or other electronic device, to any telephone facsimile machine any "Advertisement" unless it contains (i) the following opt-notice clearly and conspicuously placed on the first page thereof:  "You have the right to request not to receive future faxes from HealthFusion, by calling [insert domestic telephone number] or sending a fax to [insert domestic fax number]  at any time.  Your opt-out request must include the telephone number(s) not to be sent future faxes.  HealthFusion's failure to comply with a valid opt-out request within 30 days is unlawful;" and (ii) HF permits opt-out requests to be made at any time on any day of the week.

C.  HF shall maintain, during the term of this Injunction, and for one year thereafter, the following records (including any records and data in any electronic format) for each Advertisement sent or caused to be sent, directly or indirectly, by HF, its employees, agents, representatives, contractors, affiliates, and all other persons and entities acting in concert with HF, by any telephone facsimile machine, computer or other electronic device to any telephone facsimile machine: (i) the Advertisement; (ii) the date and time the Advertisement was sent; and (iii) the fax number to which the Advertisement was transmitted.  Plaintiff or his representatives shall have the right to inspect and copy any of the Records upon reasonable notice, not to exceed five (5) business days, in the event Plaintiff shall have a good faith belief that HF, its employees, agents, representatives, contractors, affiliates, and all other persons and entities acting in concert with HF have

not complied with this Injunction.

D.   This Injunction is expressly intended and designed to ensure that HF complies with the current provisions of the JFPA.  Should either the JFPA subsequently be appealed, modified, amended, or invalidated by subsequent legislative action, in whole or in part, then the Injunction embodied herein shall be deemed to have been similarly repealed, modified, amended or invalidated.  HF shall be entitled to apply to the Court, upon 20 days' notice to Plaintiff, to have the Injunction embodied herein to be repealed, amended, construed or invalidated in accordance with any subsequent judicial decisions.

E.   This Injunction shall take effect immediately.  Disobedience of the Injunction shall be punished as contempt by this Court.  This Injunction shall expire, without the need for any action by HF, eighteen (18) months after this Order is entered by the Court.

## **RELEASE OF CLAIMS**

13. Except for the rights and obligations contained in or arising out of the Settlement Agreement, and provided that the Settlement Agreement is not cancelled or otherwise terminated in accordance with the provisions set forth therein, Settlement Class members (except those persons and entities listed in Exhibit "A" to the Supplemental Declaration of Rachel Christman); and to the extent the Settlement Class member is a business, all of its present, former, and future direct and indirect parent companies, affiliates, subsidiaries, divisions, agents, franchisees, successors, and predecessors-in-interest, and all of the aforementioned's respective present, former, and future officers, directors, employees, shareholders, attorneys, agents, independent contractors, and assigns; and to the extent the Settlement Class member is an individual, any present, former, and future spouses, as well as the present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns of each Settlement Class

member, by operation of this Order shall have and have remised, released, and forever discharged any and all claims, demands and causes of action, whether currently known or unknown, arising from or relating in any way to the facsimile transmission of the Faxes which any of the foregoing have, may have, or may hereafter have against HF, its parent, subsidiary or affiliated companies, officers, directors, shareholders, owners, members, managers, employees, agents, attorneys, insurers and successors, assigns of each of them. Each Settlement Class member (except those persons and entities listed on Exhibit "A" to the Supplemental Declaration of Rachel Christman) also waives, as those claims, matters and things released in this paragraph, the rights and benefits, if any, conferred by section 1542 of the California Civil Code, which provides:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

### AWARD OF ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARD

14. Settlement Class Counsel shall be paid the amount of $210,000 accordance with paragraph 7.A of the Settlement Agreement, within 10 business days after the Effective Date (as defined in paragraph 28 of the Settlement Agreement).  The Court finds this amount to be fair and reasonable, and sufficiently supported by the record.

15. Plaintiff shall be paid an incentive award in the amount of $5,000 in accordance with paragraphs 7.B of the Settlement Agreement within 10 business days after the Effective Date (as defined in paragraph 28 of the Settlement Agreement).  The Court finds that this payment is justified by Plaintiff's service to the Settlement Class.

**OTHER PROVISIONS**

16. HF has filed documents with this Court to show compliance with 28 U.S.C. § 1715(b), which requires notification to the Attorney General of the United States and the Attorney General of each state where a Settlement Class Member resides. The Court finds that HF has complied with this statute.

17. HF shall, in consultation with Settlement Class Counsel and HF's Counsel, ensure that the Claims Administrator administers the settlement in good faith and in accordance with the terms of the Settlement Agreement.

18. This Court retains continuing jurisdiction over this action, Plaintiff, HF, and all Settlement Class members to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to their administration, implementation, interpretation, or enforcement of the Settlement Agreement and the resolution of claim disputes.

19. The parties to the Settlement Agreement shall carry out their respective obligations thereunder.

20. If the Settlement Agreement and the Final Judgment and Order do not receive full and final judicial approval in all material respects, or are reversed, vacated, or modified in any material respect, or Plaintiff exercises its right to cancel the Settlement Agreement as provided in paragraph 9 thereof, then neither the Settlement Agreement nor this Final Judgment or Order have any force or effect, the Parties shall be restored, without prejudice, to their respective positions prior to December 3, 2009, any certification of the Settlement Class shall be vacated, the Lawsuit shall proceed as though the Settlement Class had never been certified (with the statute of limitations relating back to the original filing date of the

Lawsuit), and the parties shall have the right to seek or oppose the certification of any plaintiff class; provided, however, that the obligations of paragraphs 6.C, 6.D, 9 and 31 of the Settlement Agreement shall survive and remain enforceable.

**IT IS SO ORDERED.**

DATED: May 21, 2010

                                    */s/ Battaglia*
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court